### TRACY-WELLS CO v McKAY

Ohio Appeals, 2nd Dist, Franklin Co

No 2782. Decided Feb 21, 1938

F. Stanley Crooks, Columbus, for plaintiff-appellant.

Ingalls & Warnick, Columbus, for defendant-appellee.

**OPINION**

**By THE COURT**

This is an appeal on questions of law from an order of the Common Pleas Court dismissing the plaintiff's proceedings on appeal from the action of the Municipal Court in overruling a motion to open up and vacate a judgment theretofore entered on behalf of the plaintiff and against the defendant. The basis for the dismissal of the appeal was that the notice of appeal had not been filed within the time prescribed by the new Appellate Code, or, if controlling, by the time fixed for appeals from the Municipal Court to the Common Pleas Court, as defined before the enactment of the new code.

The assignment of error is that the court "erred in holding and deciding that the appeal filed in that court by the defendant-appellant was not perfected within the time specified by statute."

At the outset we find that in the transcript of docket and journal entries, which is transmitted to us from the Common Pleas Court, none of the original papers from the Municipal Court appear. There is a notation that "original papers sent back to Municipal Court." Thus at the outset we would be required to affirm the order of the Common Pleas Court because the error of which complaint is made is not exemplified. However, we find in the opinion of Judge Duncan a chronological statement of the dates of the motions, orders and entries, which we shall assume to be true and which we shall accept in discussing the question presented.

From the briefs it appears that the Municipal Court made a finding for plaintiff on its action against the defendant on October 2, 1936, and thereafter, on October 6, 1936, no motion for new trial having been filed, judgment was entered for plaintiff. Defendant claims that he had no notice whatever of the assignment of the case for hearing or of the judgment entry until about twenty-five days after it had been spread upon the record.

On October 26, 1936, defendant moved for a new trial and for vacation of the judgment. The municipal judge considered the motion and overruled it. On December 5th a second motion was filed, seeking to open up and vacate the judgment. On December 8 this motion was overruled and on December 11th, 1936, the order of December 8th was carried into formal entry which entry not only recited that the motion to vacate was overruled but added: "And that plaintiff recover from the defendant in the sum of $171.44, together with costs on judgment as rendered, 10-6-36."

Thereafter, upon dates which we do not have, but within a few days subsequent to the entry of December 11, 1936, defendant filed his notice of appeal on questions of law and fact and tendered a supersedeas bond. Upon motion the appeal was dismissed for the reasons heretofore stated.

Counsel for defendant asserts that his appeal raises two questions, namely: (1) Is the order of December 11, 1936, a final order from which appeal may be taken? (2) If a final order, is it erroneous?

An order denying a motion to set aside a judgment is a final order. Hornbeck & Adams Trial & Appellate Practice, page 237; Cox v Cox, 104 Oh St 611. However, this order was not a money judgment entry nor does it purport to be more than a reiteration of the judgment of October 6, 1936, and it could not properly have been the money judgment entry. There was but one such judgment entry and that of October 6, 1936.

Though the subject matter of the entry of December 11, 1936, if a final order in the instant case would support an appeal, it cannot be determined to be final because it is but a duplicate and served the same purpose as the order of October 26, 1936.

Defendant could not, by filing a second motion to vacate the judgment, ▮▮▮ revive his right to serve notice of appeal, which had elapsed as to the order of October 26, 1936. We dot undertake to fix the rights of the defendant as to the order of October 26, 1936, but we are certain that the time within which he should perfect his appeal began not later than the date of this entry.

Inasmuch as defendant did not get his notice of appeal within the time prescribed by law, the Common Pleas Court was correct in sustaining the motion to dismiss.

The order will be affirmed.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.